NO. 07-11-00015-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
13, 2011

 



 

GEORGE DARNELL BRADLEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,171-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, George D. Bradley, appeals a Judgment of Conviction
by Court finding appellant guilty of possession of a controlled substance
(cocaine).  In accordance with a plea
bargain agreement, appellant was sentenced to 19 months incarceration in a
state jail facility and fined $500.00.  However,
because the clerk’s record has not been filed in this appeal due to appellant’s
fault, we now dismiss the appeal for want of prosecution.  

Appellant
filed a pro se notice of appeal on January
12, 2011.  On February 15, this Court
received a request from the trial court clerk for extension of time to file the
clerk’s record because appellant had not paid or made arrangements to pay for
the record.  This Court granted this
request for extension and sent correspondence to appellant informing him that
he needed to make payment or arrangements for preparation of the clerk’s record.  This letter directed appellant to ensure that
the clerk’s record was filed or to file a certification that payment or
arrangements for payment had been made by March 14, or the appeal may be
dismissed for want of prosecution.  See
Tex. R. App. P. 37.3(b).  On March 16, the trial court clerk filed a
second request for extension again identifying that appellant had neither paid
for nor made arrangements to pay for preparation of the clerk’s record.

Because
appellant had failed to pay for or make arrangements to pay for preparation of
the clerk’s record and because there was some indication in this Court’s file
that appellant might be indigent, on March 22, this Court abated the appeal and
remanded to the trial court.

Our Order of Abatement and Remand
directed the trial court to hold a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to
prosecute this appeal, whether appellant is indigent; and (3) if
appellant is indigent, whether appellant desires to be appointed representation
on appeal.  In addition, we directed the
trial court to order the clerk to prepare the record and to provide the same to
appellant or appellant’s counsel if it determined that appellant was
indigent.    As directed, the trial court held this
hearing on April 26, 2011.

In findings of fact and conclusions
of law entered by the trial court as a result of this hearing, the court
indicated that the attorney for the State announced ready, but that appellant
was not present.  However, the trial
court made the following findings:

1.    Appellant discharged the sentence assessed against him
in Cause No. 57,171-E[,] and has been released from
the Potter County Detention Center.

 

2.    Written notice of this hearing was sent to appellant
by certified mail return receipt requested[,] and also
by uncertified mail to his last known address . . . .

 

3.    The Bailiff of this Court called appellant’s name, but
the appellant did not appear.

 

In addition, the trial court
concluded that, “Appellant’s failure to appear demonstrates that he has
abandoned his appeal and that he does not desire to prosecute an appeal or have
appointed representation to pursue an appeal.”

            Based
on the findings of the trial court as well as the fact that the clerk’s record
has not been filed due to appellant’s fault, we dismiss this appeal for want of
prosecution.  Tex. R. App. P.
37.3(b).  We note
that appellant was not found to be entitled to proceed without payment of
costs, and that this Court has specifically notified appellant of the absence
of a clerk’s record and given him ample time to cure.   

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.